MEMORANDUM OPINION

 

No. 04-10-00705-CV

 

Colin Dwight ELSIK,

Appellant

 

v.

 

Beverly Sharon ELSIK,

Appellee

 

From the 25th
Judicial District Court, Guadalupe County, Texas

Trial Court No. 08-1784-CV

Honorable Linda Z.
Jones, Judge Presiding

 

Opinion by:   Karen Angelini, Justice

 

Sitting:                     Karen Angelini, Justice

                     Steven
C. Hilbig, Justice

                     Marialyn
Barnard, Justice

 

Delivered and
Filed:  June 22, 2011

 

AFFIRMED

 

           This is an appeal from a final
decree of divorce. The parties reached a mediated settlement agreement;
however, when Appellant Colin Dwight Elsik proposed language relating to his
retirement under the Teacher Retirement System be included in the final decree,
Appellee Beverly Sharon Elsik argued that such a provision was not part of
their mediated settlement agreement. The trial court agreed with Beverly and
declined to include the provision in the final decree. Colin now appeals.

Discussion

           At the time of their divorce,
Colin had already begun receiving retirement payments under the Teacher
Retirement System, and Beverly was designated as the beneficiary of the
optional retirement annuity under which, upon Colin’s death, she would receive
100% of Colin’s monthly retirement annuity for the rest of her life. In their
mediated settlement agreement, Beverly and Colin agreed to the following with
respect to Colin’s retirement benefits under the Teacher Retirement System:

PROPERTY TO PETITIONER (Husband): . . . All interest in
Husband’s Teacher Retirement benefits (TRS) except that portion awarded to wife
herein. . . .

 

PROPERTY TO RESPONDENT (Wife): . . . 35.5% of Husband’s TRS
(Tex. Teacher Retirement) Benefits to be divided by QDRO.

 

No mention was made in the mediated settlement
agreement of Beverly’s designation as Colin’s beneficiary.

           Because Colin was already receiving
retirement payments, under Texas law, to revoke Beverly as the designated
beneficiary, Colin needed to have the trial court order the change in the
divorce decree. As the Texas Supreme Court has explained, the Teacher
Retirement System (“TRS”) allows a retiree to elect, instead of a standard
service retirement annuity, an optional annuity that provides reduced payments
to the retiree during his life and, at death, continued payments to and
throughout the life of a designated beneficiary. Holmes v. Kent, 221
S.W.3d 622, 624 (Tex. 2007) (citing Tex.
Gov’t Code Ann. § 824). Only one beneficiary can be designated and
changing the designation is restricted because the value of the optional
annuity, and hence the cost to TRS, depend on the beneficiary’s longevity. Id.;
see also Tex. Gov’t Code Ann.
§ 824.101(c) (West 2004). Thus, if a retiree is already collecting retirement
payments and the beneficiary designated at the time of the retiree’s retirement
is the spouse or former spouse of the retiree, the retiree may not revoke the
designation of the beneficiary to receive the annuity on his death unless (1)
“a court in a divorce proceeding involving the retiree and the beneficiary
approves or orders the revocation in the divorce decree or acceptance of a
property settlement”; or (2) “if the beneficiary is the spouse, a former
spouse, or an adult child of the retiree and signs a notarized consent to the revocation.”
Tex. Gov’t Code Ann. §
824.1012(a) (West 2004). 

           “TRS reads the statutory provisions
strictly to require that a retiree submit the change or revocation to TRS on a
prescribed form and that the divorce court’s approval or order specifically direct
the change or revocation; a divorce decree’s general award of retirement
benefits to a retiree does not, in TRS’s view, satisfy the requirements.” Holmes,
221 S.W.3d at 625. “According to TRS, these statutory requirements ‘protect the
trust fund from the claims of multiple beneficiaries that arise when there is
uncertainty regarding the beneficiary of the benefits and the resulting costs
of litigation.’” Id. “They also protect retirees and beneficiaries, TRS
argues, by providing a clear, certain system for assigning retirement
benefits.” Id. Thus, the Texas Supreme Court has emphasized that “[t]he
statutory provisions are very clear.” Id. at 627. According to the
court, “[o]nly one person may be designated beneficiary of an optional
annuity.” Id. “If the person is the retiree’s spouse or former spouse,
the designation may be changed only as provided by statute: that is, only if
the spouse or former spouse signs a notarized consent, or if the divorce decree
orders the change.” Id.

           Realizing that he needed to have the
trial court in the divorce decree revoke the designation of his beneficiary as
Beverly, Colin moved to have the trial court include the following provision in
the decree:

It is ordered pursuant to Tex.
Gov’t Code § 824.1012 that the designation of Beverly S. Elsik as the
beneficiary of the optional retirement annuity, providing for her to receive at
the death of Colin D. Elsik, 100% of his monthly retirement annuity for the
rest of her life, be revoked, and Beverly S. Elsik is divested of all right,
title, and interest as the beneficiary of the continuing retirement annuity.
Further, Colin D. Elsik, as the owner of all rights, title, and interest,
including the beneficiary interest in the TRS benefits, except those which may
have been awarded in any Qualified Domestic Relations Order, is authorized to
complete the forms necessary to effect the revocation of beneficiary as ordered
herein.

 

Beverly objected to this provision being included
in the divorce decree, arguing that the mediated settlement agreement contained
no such provision. The trial court agreed with Beverly and declined to include
the provision in the decree.

           On appeal, Colin argues that the “trial
court erred by signing a divorce decree that modified the mediated settlement
agreement by awarding Beverly the right to be the beneficiary of the survivor’s
annuity, thus awarding her more than 35.5% of [Colin]’s retirement agreed upon
in the mediated settlement agreement.” In response, Beverly argues that the
trial court did not “award” her the right to be the beneficiary of the
survivor’s annuity as the trial court’s decree did not mention the survivor’s
annuity at all. And, she emphasizes that because the mediated settlement
agreement did not mention the survivor’s annuity, the trial court correctly
followed the mediated settlement agreement by not including a provision
regarding the survivor’s annuity in the decree. Thus, Beverly argues the trial
court’s decree in no way modified the mediated settlement agreement. We agree
with Beverly.

           Under section 6.602 of the Family Code,
a mediated settlement agreement is binding on the parties if the agreement (1)
provides, in a prominently displayed statement that is in boldfaced type or
capital letters or underlined, that the agreement is not subject to revocation;
(2) is signed by each party to the agreement; and (3) is signed by the party’s
attorney, if any, who is present at the time the agreement is signed. Tex. Fam. Code Ann. § 6.602(b) (West
2006). Here, the mediated settlement agreement in the record reflects these
three requirements were met. Further, neither Colin nor Beverly argues that the
mediated settlement agreement did not meet these requirements, or that section
6.602 is inapplicable. 

           A mediated settlement agreement that
meets the requirements of section 6.602(b) is binding, and “a party is entitled
to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas
Rules of Civil Procedure, or another rule of law.” Id. § 6.602(c); Brooks
v. Brooks, 257 S.W.3d 418, 422 (Tex. App.—Fort Worth 2008, pet. denied). If
a mediated settlement agreement meets the statute’s requirements, it must be
enforced in the absence of allegations that the agreement calls for the
performance of an illegal act or that it was procured by fraud, duress,
coercion, or other dishonest means. Spiegel v. KLRU Endowment Fund, 228
S.W.3d 237, 242 (Tex. App.—Austin 2007, pet. denied). But, while a trial court
in these circumstances has authority not to enforce the mediated settlement
agreement, it has no authority to sign a judgment that varies from the terms of
the mediated settlement agreement. Garcia-Udall v. Udall, 141 S.W.3d
323, 331-32 (Tex. App.—Dallas 2004, no pet.). 

           Colin argues that the trial court
signed a judgment that varies from the terms of the mediated settlement
agreement because the trial court did not include Colin’s proposed provision
regarding the survivor’s annuity under TRS. In fact, however, the trial court’s
final decree does not vary from the terms of the mediated settlement agreement
at all. Indeed, it strictly complies with the mediated settlement agreement. As
noted, the mediated settlement agreement stated the following:

PROPERTY TO PETITIONER (Husband): . . . All interest in
Husband’s Teacher Retirement benefits (TRS) except that portion awarded to wife
herein. . . .

 

PROPERTY TO RESPONDENT (Wife): . . . 35.5% of Husband’s TRS
(Tex. Teacher Retirement) Benefits to be divided by QDRO.

 

The final decree reflected this agreement by
stating the following:

Property to Husband

IT IS ORDERED AND DECREED that the husband, COLIN DWIGHT
ELSIK, is awarded the following as his sole and separate property, and the wife
is divested of all right, title, interest, and claim in and to that property: .
. .

 

H-4. A portion of COLIN DWIGHT ELSIK’s retirement benefits
in Teacher’s Retirement System arising out of COLIN DWIGHT ELSIK’s employment
as of January 22, 2010, together with any interest, dividends, gains, or losses
on that amount arising since that date and more particularly defined in a Qualified
Domestic Relations Order signed by the court on the day this Final Decree of
Divorce is signed, not awarded to wife. . . .

 

Property to Wife

IT IS ORDERED AND DECREED that the wife, BEVERLY SHARON
ELSIK, is awarded the following as her sole and separate property, and the
husband is divested of all right, title, interest, and claim in and to that
property: . . .

 

W-6. A portion of COLIN DWIGHT ELSIK’s retirement benefits
in Teacher’s Retirement System Fund of Texas arising out of COLIN DWIGHT
ELSIK’s employment with Seguin Independent School District as of January 22,
2010, that portion being thirty-five and one-half percent (35.5%), together
with any interest, dividends, gains, or losses on that amount arising since
that date and more particularly defined in a Qualified Domestic Relations Order
signed by the court on the day this Final Decree of Divorce is signed.

 

Thus,
like the mediated settlement agreement, the divorce decree did not mention
anything relating to the survivor annuity. Indeed, had the trial court included
Colin’s proposed provision, it would have improperly signed a judgment that
varied from the terms of the mediated settlement agreement. 

           Therefore,
finding no error on the part of the trial court, we affirm the judgment.

 

 

Karen Angelini, Justice